# LENOVITZ *v.* KIMBALL.

TRIAL; BILL OF EXCEPTIONS; POLICE COURT.

When in the police court a defendant against whom rulings are made by the judge seasonably gives notice that he will apply to the court for a writ of error, but fails to present his bill of exceptions to the judge for settlement until the day his motion for a new trial is overruled, which is not within three days after verdict, the judge properly refuses to sign the bill of exceptions (construing rule 26 of this court, and following *Talty* v. *District of Columbia*, 20 App. D. C. 489), and will not by mandamus be compelled to do so.

No. 337 Original. Submitted December 6, 1909. Decided December 10, 1909.

HEARING on a petition to this court for a writ of mandamus to compel one of the judges of the Police Court of the District of Columbia to settle a bill of exceptions. *Dismissed.*

The facts are stated in the opinion.

*Mr. John Ridout* for the petitioner.

*Mr. Daniel W. Baker,* United States Attorney for the District of Columbia, and *Mr. F. Sprigg Perry,* Assistant District Attorney, opposed.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

On November 12, 1909, petitioner, Benjamin Lenovitz, was brought to trial in the police court of the District of Columbia, before the Honorable Ivory G. Kimball, one of the judges thereof, and a jury, upon the charge of keeping a disorderly house. On the trial, defendant prayed certain instructions to the jury,

which were denied. He caused a note to be made by the judge that he would apply to the court of appeals for a writ of error. No bill of exceptions was then tendered. Having been found guilty by the jury, he filed a motion for a new trial on November 16th, 1909, which was overruled on November 26th, 1909. On that day defendant presented his bill of exceptions to the trial judge, but the same is not exhibited in the record. It is understood to embody the exception to the charge noted on November 12th. The trial judge refused to sign the bill of exceptions, because presented more than three days after the action of the court excepted to. This is a petition for a writ of mandamus to compel him to settle the bill.

· The rule of this court relating to bills of exceptions in the police court (No. 25) requires not only that the defendant aggrieved by any action of the police court during a trial shall give notice of his intention to apply for a writ of error, but shall also present his bill of exceptions to the judge within three days thereafter. The rule is plain, and must be followed. *Talty* v. *District of Columbia,* 20 App. D. C. 489. The defendant having failed to comply with the rule, it was the duty of the judge to refuse to sign the bill of exceptions.

The petition is dismissed with costs. · *Dismissed.*